**In re 18TH AVENUE DEVELOPMENT CORP., Debtor.**

**William D. SEIDLE, Trustee, Plaintiff,**

**v.**

**James N. TURNER and Cecelia A. Turner, his wife, Defendants.**

**Bankruptcy No. 79–10230–BKC–SMW. Adv. No. 80–0378–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

April 22, 1983.

Martin Sandler, Guren, Merritt, Udell, Sogg & Cohen, Miami, Fla., for plaintiff.

Fred J. Ward, Hallendale, Fla., for defendants.

ON REMAND

AMENDED

FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause originally came on to be heard upon an Amended Complaint filed by the Trustee to recover for unjust enrichment from the defendants. The matter was tried

before this Court and Findings of Fact and Conclusions of Law were rendered which determined that the defendants owed the debtor's estate the sum of $67,900. A Final Judgment was rendered in accordance with said finding.

The defendants brought an appeal to the District Court which entered an order vacating this Court's findings and remanded the matter to the Bankruptcy Court with instructions for further proceedings. Pursuant to said order and the instructions contained therein, this Court conducted these proceedings. The instructions provided that the Court was required to determine:

1. Whether the issues to be tried herein should be reframed, and if so, the Bankruptcy Court should require delineation of same by the parties, in written form, prior to commencement of further evidentiary proceedings;

2. In view of any amendment of the issues to be tried, such testimony should be allowed as either party would address to such issues after due notice;

3. Whether, during the time he served as general contractor on the project, Defendant, Turner advanced sums of money to 18th Avenue in furtherance of the project as Defendants claim, and if so, the amount of such advances;

4. What the language in the closing statement relating to "Deposits prior to closing" in the amount of $72,600 was intended to mean, and whether this language constitutes an acknowledgement that there had been setoffs allowed as claimed by the Defendants; and

5. Whether Defendant Turner misappropriated funds through the inclusion of "extras" or "upgrades" in the Turner home, and the amount of any such misappropriation;

and thereupon enter Amended Findings of Fact and Conclusions of Law, and Final Judgment in accordance therewith.

Following the remand, the plaintiff filed a Second Amended Complaint. The defendants filed their Answer to that Complaint in the form of a general denial. No affirmative defenses were raised. These pleadings framed and "delineated" the issues for further trial. At the trial, the parties were given an opportunity to submit evidence and testimony regarding these issues. The Court having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witness and having considered the arguments of counsel and being otherwise duly advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law.

■ The defendants contracted with the debtor to purchase a home ("home") at the debtor's project in North Miami Beach, Florida, called "The Village". Defendant, JAMES N. TURNER, was the principal of Turner Construction Company (the "Company") engaged by the debtor as the general contractor for construction of the Village. When the defendants and the debtor closed on the contract for the "home", they executed a closing statement which stated "[D]eposits prior to closing ... $72,600". In his Second Amended Complaint, the trustee alleged that these funds were never received by the debtor or the debtor's estate either from the defendants or a third party.[1]

The defendants claimed that based upon an alleged oral agreement with the principal of the debtor, they would be entitled to a set-off or credit against the purchase price of the "home" due to alleged transfers of funds from the defendants to the debtor through the Company and that this formed the basis of the "deposits prior to closing."

The defendants introduced evidence reflecting loans allegedly obtained on behalf of the debtor, the funds from which were purportedly disbursed to the debtor through the Company's bank accounts prior to the closing on the "home". However, the evi-

---

1. In his Second Amended Complaint, the trustee alleges that the sum of $67,900 was not paid. However, testimony at trial, together with a review of the closing statement indicates that the correct sum is $72,600.

dence reflects that the Company comingled the funds it received and paid out on the debtors project with funds from its other projects. The defendants were unable to prove that the funds from said loans were disbursed to the debtor and they failed to provide this Court with any documentary evidence reflecting a transfer of funds from the Company to the debtor. The defendants failed to establish a mutuality of obligation between the debtor, the Company and themselves. *Gibson v. Central National Bank of McKinney,* 171 F.2d 398 (5th Cir. 1948). Without this mutuality there can be no right to set-off.

Defendant James Turner's testimony at trial regarding the alleged transfer of funds from the Company to the debtor contradicted his prior testimony during deposition. In January 1980, Mr. Turner testified that he placed approximately $300,000 of his own money into the debtor's project. At trial, he testified that the amount allegedly loaned to the debtor was approximately $151,000. He further testified that the Company maintained two bank accounts, one for the debtor's project and one for the Company's other projects. This contradicted his prior deposition testimony that the Company maintained only one bank account.

The language "deposits prior to closing" is ambiguous. The Court concludes that based on the evidence presented, this did not constitute an acknowledgment that there were set-offs allowed by the seller as claimed by the defendants. The defendants claimed that the "deposits prior to closing" related to advances made by them for the benefit of the seller and these were credits or "deposits" to be set-off at the closing. The defendants were simply unable to tie together any mutuality of the obligation as between themselves and the Company. Although there was a comingling of funds in the construction company, it has not been demonstrated to the Court's satisfaction that they were entitled to any credits at the time of closing. Admittedly, they did not deposit cash on account of the purchase price to be credited in the closing statement under the category "deposits prior to closing".

This Court has considered issue number 5 as set forth in the order of the District Court. At the trial, the plaintiff presented no further evidence except that which had previously been considered by this Court with regard to the upgrades or extras in the Turner home. In view of the evidence presented and the conclusion of this Court, this Court finds that there was insufficient evidence to sustain the plaintiff's positions that upgrades and extras were unaccounted for in the purchase price.

The Court concludes as a matter of fact and law that the defendants owe the plaintiff the amount of $72,600. Judgment will be entered in accordance with these findings.

